IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNDON MCCANN-MCCALPINE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1052-CFC |
| BAYHEALTH, INC., et al., | : |
| Defendants. | : |

Lyndon McCann-McCalpine, Dover, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 7, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On September 26, 2023, Plaintiff Lyndon McCann-McCalpine filed his *pro se* Complaint in this matter. (D.I. 2) He has been granted leave to proceed *in forma pauperis*. (D.I. 7) Plaintiff's Amended Complaint (D.I. 5) is the operative pleading. The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff brings this case under 42 U.S.C. § 1983, alleging that the treatment he received as a patient at Kent General Hospital in Dover, Delaware, constituted cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution. Plaintiff names two Defendants: Bayhealth, Inc., which he describes as a "full-service, nonprofit healthcare system serving the central and southern portion of Delaware" including operating Kent General Hospital, and Robert S. Fumento, a medical doctor employed by Bayhealth. Plaintiff seeks damages and declaratory relief.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

2

(2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

3

Given that neither Defendant is a state actor, the Amended Complaint must be dismissed. Amendment is futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint. Amendment is futile.

This Court will issue an Order consistent with this Memorandum Opinion.